In the Matter of EDMUND M. BALDUCCI, Respondent, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Appellant.— In a proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the State Rent Administrator granting the landlord's application for a certificate of eviction, the administrator appeals from an order vacating his determination and revoking the certificate. Order reversed on the law, without costs, and the petition dismissed, without costs. The landlord occupies the first floor apartment of a three-family house. His daughter and her family occupy a four-room apartment on the second floor and the petitioner occupies the third apartment, also a four-room one on the second floor. The State Rent Administrator found that the daughter and her family were inadequately housed in their second floor apartment, and that good faith and compelling necessity had been established. In his protest to the State Rent Administrator, the petitioner had conceded that there was an existence of compelling necessity for the daughter and her family to obtain more space but contended that additional space was available in the landlord's apartment. Neither the landlord nor his daughter occupied their apartments as the result of the issuance of a previous certificate. Special Term held that there was no authority for the eviction of a tenant to enable the landlord to recapture two apartments for one member of his family. In our opinion, the State Residential Rent Law and the Rent and Eviction Regulations do not prohibit the grant of a certificate of eviction for the purpose of making an additional apartment available for the use of a member of the landlord's immediate family under the circumstances stated. (State Residential Rent Law, § 5, subd. 2, par. [a]; State Rent and Eviction Regulations, § 55, subd. 1; *Matter of Spadaro* v. *McGoldrick*, 278 App. Div. 668.) The record contains adequate evidence to support appellant's determination that the landlord's application was made in good faith. Section 57 of the State Rent and Eviction Regulations in nowise limits the power and obligation of the commission to issue a certificate pursuant to the afore-mentioned statute and regulation when good faith and compelling necessity are shown. The certificate was granted only after an investigation by the appellant of the space available in the landlord's apartment, and the finding that there was compelling necessity to obtain the petitioner's apartment could rest on the facts stated as to the persons actually residing in the landlord's apartment and the number of persons in the daughter's apartment. Nolan, P. J., Adel, MacCrate, Schmidt and Beldock, JJ., concur.